UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KENNETH TYRELL WINSLOW,
Plaintiff,

vs.

HEALTH CARE MARKET PLACE.GOV,
Defendant.

Case No.: 26-CV-5685 TWR (GC)

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), AND (3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE ELECTRONICALLY**

(ECF Nos. 1–3)

Plaintiff Kenneth Tyrell Winslow, proceeding *pro se*, has filed a Complaint for a Civil Case ("Compl.," ECF No. 1) against a putative government website, "Health Care Market Place.gov," for enrolling him in health care coverage without his authorization, along with an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("IFP Motion," ECF No. 2) and a Motion to File Electronically ("ECF Motion," ECF No. 3). For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP Motion, **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to

/ / /

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES WITHOUT PREJUDICE** Plaintiff's ECF Motion.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $405.[1] 28 U.S.C. § 1914(a). A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed *in forma pauperis* ("IFP") by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobedo*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's affidavit indicates that he is unemployed, receives no income beyond EBT benefits, (*see* IFP Mot. at 1–2), and has no assets. (*See id.* at 3.) The Court therefore concludes that Plaintiff has met his burden of demonstrating that paying the $405 filing fee will result in his inability to afford the necessities of life and **GRANTS** Plaintiff's IFP Motion (ECF No. 2).

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Having granted Plaintiff's IFP Motion, the Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, courts shall review and *sua sponte* dismiss any complaint or part thereof that is frivolous, malicious, fails to state a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

claim on which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Pursuant to Rule 8, a pleading must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff's Complaint, which is handwritten on a form provides, in its entirety:

/ / /

> A. FIRST CLAIM FOR RELIEF: Unauthorized Documentation (identify the law or right you claim was violated), by fraudulent documentation (name the defendant(s) involved.
>
> Supporting Facts: (explain what happened): Without financial records/statements enrollment for coverage was made, which is required for policy coverage enrollment.

(*See* ECF No. 1 ("Compl.") at 5.) Although Plaintiff's Complaint is "short and plain," *see* Fed. R. Civ. P. 8(a)(2), "in the Ninth Circuit, '[f]ailure to comply with [Rule 8(a)(2)'s fair-notice requirement] constitutes an independent basis for dismissal of a complaint even if the claims in a complaint are not found to be wholly without merit." *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467, at *14 (S.D. Cal. Nov. 29, 2022) (alterations in original) (quoting *Woulldar v. Contreras*, No. CV 17-08298-R-JDE, 2017 WL 6343549, at *2 (C.D. Cal. Dec. 11, 2017), and collecting cases). "[T]o survive Rule 8(a)(2), a complaint must provide fair notice of what plaintiff's claim is and the grounds upon which it rests in order to enable the [defendant] to answer and prepare for trial, and to identify the nature of the case." *Id.* at *15 (second alteration in original and internal quotation marks omitted) (quoting *Middleton v. United States*, No. 10-CV-6057 (HFB)(ETB), 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012)) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2022)).

As an initial matter, the Court takes judicial notice of the fact that healthcaremarketplace.gov is not a valid Uniform Resource Locator ("URL"). Even if it were, a government website is not a proper defendant; Plaintiff would instead need to sue the government agency that operates the relevant website (presumably, healthcare.gov). Further, Plaintiff's Complaint does not provide fair notice of his claim or the facts underlying it, as required by Rule 8(a). Because the Complaint fails to comply with Rule 8(a), the Court necessarily *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

/ / /

/ / /

**MOTION TO FILE ELECTRONICALLY**

As for Plaintiff's ECF Motion, generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. Civ. L.R. 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual"), § 2(b) (Jan. 16, 2026). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The CM/ECF Manual adds that "[c]urrent technical specifications for CM/ECF can be found at the court's official web site, www.casd.uscourts.gov," *id.* § 1(i). The Court's website notes that, to participate in CM/ECF, a filer needs a "[c]omputer running on Windows or Macintosh;" "[s]oftware to convert documents from a word processor format to portable document format (PDF)[;]" "Internet access supporting a transfer rate of 56kb or higher;" a compatible web browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version;" a "[s]canner to image non-computerized documents 400 pixels per inch (ppi);" and a "PACER account." U.S. Dist. Ct. for the S.D. of Cal., CM/ECF Information, General Info, https://www.casd.uscourts.gov/cmecf.aspx #undefined1 (last visited Oct. 6, 2026).

Plaintiff's ECF Motion fails to demonstrate that he has the means to file electronically because he fails to indicate whether he has the requisite equipment and software. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's ECF Motion. Should Plaintiff wish to file a renewed motion, he may use the form Motion for Leave to Electronically File Documents that is available on the Court's website at https://www.casd.uscourts.gov/_assets/pdf/attorney/prose/SDCal%20Form%20Motion%20to%20E-file.pdf.

## CONCLUSION

For all these reasons, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2), **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES WITHOUT PREJUDICE** Plaintiff's ECF Motion (ECF No. 3). Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified above within sixty (60) days of the date of this Order. Any amended complaint must be complete by itself without reference to the original pleading. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). *If Plaintiff fails to file an amended complaint within sixty (60) days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and his failure to prosecute in compliance with a Court Order requiring amendment. See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 8, 2026



Honorable Todd W. Robinson
United States District Judge